UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| **RICARDO LOPEZ** *Plaintiff*, | § § § § | |
| v. | § § § | **CIVIL ACTION NO. 7:22-cv-23** |
| **ALLSTATE INDEMNITY COMPANY** *Defendant.* | § § § | |

## DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE UNITED STATES DISTRICT JUDGE:

Defendant, Allstate Indemnity Company ("Allstate"), hereby removes this lawsuit currently pending in District Court, 206th Judicial District in Hidalgo County, Texas, Cause No. C-4984-21D, to the United States District Court for the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds of diversity of citizenship, and would respectfully show the Court as follows:

### BACKGROUND

1. On or about July 25, 2020, Plaintiff, Ricardo Lopez ("Plaintiff"), allegedly sustained property damages arising from Hurricane Hanna (the "Storm"), which Plaintiff alleges are covered by an insurance policy that Plaintiff had with Allstate. *See* Exhibit A, Plaintiff's Original Petition § IV. Plaintiff further alleges that Allstate and adjusters allegedly assigned by Allstate to inspect Plaintiff's claim for property damages arising from the Storm, denied and/or underpaid Plaintiff's claim. *Id.*

2.      On December 27, 2021, Plaintiff served Defendant with the lawsuit styled *Ricardo Lopez v. Allstate Indemnity Company* via certified mail, in which Plaintiff seeks to recover from Allstate for damages arising from the alleged Storm pursuant to a policy of insurance issued by Allstate. Therein, Plaintiff asserts causes of action against Allstate for breach of contract, violations of § 541 and 542 of the Texas Insurance Code, DTPA § 17.50, and breach of the common law duty of good faith and fair dealing. *See* generally, Exhibit A.

3.      In his Original Petition, Plaintiff plead for monetary relief for "250,000.00 or less" and referenced a purported stipulation of damages limiting damages to not exceed $75,000. *Id.* at § VI. However, Plaintiff failed to actually file an applicable stipulation of damages with the court. *See Id.*

4.      Defendant has not answered the Plaintiff's suit in state court. *See* Exhibit B, State Court Docket Sheet.

5.      Below is an index of all exhibits filed:

- Exhibit A:     Plaintiff's Original Petition,
- Exhibit B:     State Court Docket Sheet
- Exhibit C:     Plaintiff's Pre-Suit Demand
- Exhibit D:     List of All Counsel of Record
- Exhibit E:     Index of Matters Filed

### GROUNDS FOR REMOVAL

6.      This Honorable Court has original jurisdiction of this suit based on 28 U.S.C. §§ 1332(a), 1441, and 1446, because it arises from a controversy between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

### A. Parties are Diverse

#### i.   Plaintiff's Citizenship

7.  Plaintiff is a natural person who owns property and resides in Texas, thus demonstrating that Plaintiff is domiciled in the state of Texas. *See* <u>Exhibit A</u> § III. Plaintiff has not pled any other facts of his residency, intention to leave Texas, or domiciles in other States. *Id*. Accordingly, Allstate asserts that Plaintiff's citizenship at the time of filing of this suit and at the time of removal is properly established in the State of Texas. *See O'Neal v. DePuy Synthes Sales, Inc.*, No. 19-CV-1328, 2019 WL 5569615, at *1 (W.D. La. Oct. 28, 2019) (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006)) ("for purposes of federal subject-matter (diversity) jurisdiction," a natural person is "a citizen of but one State [and] [t]hat is the state in which the person is domiciled"); *MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313; and *Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 451 (5th Cir. 2003) (holding that the place of residence is prima facie evidence of domicile). .

### ii. <u>Allstate's Citizenship</u>

8.  Defendant, Allstate Vehicle and Property Insurance Company, is an Illinois corporation with its principal place of business in Cook County, in the State of Illinois. Defendant is thus a citizen of the State of Illinois. *See* 28 U.S.C. § 1332(c)(1)("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

### B. Amount in Controversy

9.  The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.,* 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds

$75,000.00 or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

10. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he or she will not be able to recover more than the damages for which he or she has prayed in the state court complaint. *See De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1409 (5th Cir. 1995).

> **i     Evidence of the Amount in Controversy Supports a Finding That the Claim Exceeds $75,000.00.**

11. To determine the amount in controversy, the court may consider "penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against his insurance company).

12. Here, Plaintiff's Original Petition seeks to recover not only contractual damages, but also statutory interest, attorney's fees, damages for mental anguish, and exemplary damages. Exhibit A at §§ V, VI, and Prayer.

13. In Plaintiff's Original Petition, his pleading of damages clearly indicates an amount in controversy greater than the $75,000 jurisdictional threshold of this Court. *Troiani v. Allstate Ins. Co.,* No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the plaintiff's claim of maximum recovery of $75,000 plus claims for additional

attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).

14. Further, Plaintiff's own pre-suit demand implicates an amount in controversy that exceeds $75,000.00. *See generally* Exhibit C. Plaintiff's Pre-suit Demand states that Plaintiff's economic damages are $22,993.89. Plaintiff's Demand also includes $2,184.42 in interest per year and $2,184.42 in attorneys' fees and costs per year. *Id.* Importantly, the §542A Demand does not consider Plaintiff's pleadings for extra-contractual damages such as treble damages or exemplary damages accrued on the claim. Just trebling Plaintiff's alleged economic damages alone brings the amount in controversy to $81,984.00, and Plaintiff's attorney's fees in this matter could easily exceed $45,000 through the time of trial and exemplary damages and interest would push Plaintiff's recovery even higher. Thus, Plaintiff's own Petition and pre-suit demand clearly shows that the amount in controversy in this matter is likely to exceed $75,000.00, particularly if all the other extra-contractual damages pled for are added to the breach of contract claim.

15. In addition, Plaintiff has filed no binding stipulation or affidavit limiting damages to below the $75,000 jurisdictional threshold with their petition. *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410, 1412 (5th Cir. 1995)(stating in dicta that if a plaintiff endeavors to prevent a removal of the action, then he must show that he is legally certain his recovery amount is below the threshold by, for example, citing in his pleading to a state law limiting the recovery amount to below the threshold, or if no such law exists, filing a binding stipulation or affidavit with his pleading).

16. While Plaintiff's Original Petition references a stipulation of damages not to exceed $75,000.00, no such stipulation was filed with the court. *See generally* Exhibit A.

17.     Federal jurisdiction is appropriate in this matter because no stipulation pertaining to this Plaintiff's claims of damages was filed in state court before removal, and any stipulation offered after removal is not effective to defeat federal court jurisdiction. *Rubio v. State Farm Lloyds*, CV H-19-3729, 2019 WL 6330355, at *2 (S.D. Tex. Nov. 26, 2019) citing *Flanagan v. Clarke Road Transport, Inc.,* CV H-18-2324, 2018 WL 3869968, at *2 (S.D. Tex. Aug. 15, 2018).

18.     Taking into consideration Plaintiff's pleadings, the categories of damages asserted, the contractual and extra-contractual damages claimed by Plaintiff, Plaintiff's own damages included in his pre-suit demand, and Plaintiff's failure to provide a binding stipulation of less than $75,000.00, it is clear that the amount in controversy exceeds $75,000.00.

## REMOVAL IS PROCEDURALLY PROPER

19.     This notice of removal is timely filed within thirty (30) after service of process upon Defendant. *See* 28 U.S.C. §1446 (b)(1), and Exhibit A, which is marked received on December 27, 2021.

20.     Venue is proper in this Court under 28 U.S.C. §1441(a) because the District and Division of this Honorable Court embrace Hidalgo County, Texas, the venue where this suit was initiated. *See generally*, Exhibit A.

21.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, and orders served upon Defendant in the state court action are attached hereto. *See* Exhibits A—E.

22.     Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide a true and correct copy of this Notice of Removal to Plaintiff and to the County Clerk of Hidalgo County.

**PRAYER FOR RELIEF**

23. Defendant Allstate prays that this Honorable Court accept jurisdiction over the state court action for the reasons set forth above, and grant it any such other and further relief to which it may show itself justly entitled.

Respectfully submitted,

**VALDEZ & TREVIÑO,
ATTORNEYS AT LAW, P.C.**
Callaghan Tower
8023 Vantage Drive, Suite 700
San Antonio, Texas 78230
Phone: 210–598–8686
Fax: 210–598–8797

By: */s/ Elyse I. Gonzalez*
**Michael M. Novak**
State Bar No. 24092905
mnovak@valdeztrevino.com
**Elyse I. Gonzalez**
State Bar No. 24109936
S.D. Tex Bar No. 3368928
egonzalez@valdeztrevino.com

## CERTIFICATE OF SERVICE

I do hereby certify that the foregoing instrument was served on the following counsel this 17th day of January, 2022, pursuant to Rule 5 of the Federal Rules of Civil Procedure, and via e-service in the state court proceeding:

Larry W. Lawrence, Jr.
State Bar No. 000794145
Michael Lawrence
State Bar No. 24055826
Celeste Guerra
State Bar No. 00795395
**LAWRENCE LAW FIRM**
3112 Windsor Rd., Suite A234
Austin, Texas 78703
Telephone:956-994-0057
Facsimile: 800-4152
Lawrencefirm@gmail.com
*Counsel for Plaintiff*

          */s/ Elyse I. Gonzalez*
          **Elyse I. Gonzalez**