United States District Court
Southern District of Texas
**ENTERED**
May 04, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | | |
|---|---|---|
| RICARDO LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00023 |
| | § | |
| ALLSTATE INDEMNITY COMPANY, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER AND OPINION</u>

The Court now considers "Defendant Allstate Indemnity Company's Unopposed Motion for Leave to File its First Amended Notice of Removal,"[1] "Plaintiff's Opposed Motion to Remand,"[2] and the parties' "Joint Discovery/Case Management Plan Under FRCP 26(f)."[3] Defendant Allstate Indemnity Company has timely filed its response to Plaintiff's opposed motion to remand.[4] After considering the motion, record, and relevant authorities, the Court **GRANTS** Defendant's motion for leave to file amended notice of removal[5] and **DENIES** Plaintiff's motion to remand.[6]

## I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute arising out of alleged damage to Plaintiff's property sustained during a storm occurring on or about July 25, 2020.[7] Plaintiff filed this action in state court on

---

[1] Dkt. No. 8.
[2] Dkt. No. 9.
[3] Dkt. No. 6.
[4] Dkt. No. 11.
[5] Dkt. No. 8.
[6] Dkt. No. 9.
[7] Dkt. No. 1-1.

December 13, 2021.[8] Defendant was served with the petition on December 27, 2021.[9] Defendant removed to this Court on January 17, 2022.[10] The parties filed their joint discovery/case management plan on March 9, 2022.[11] Therein, the parties assert that they do not agree on the jurisdictional allegation because "Plaintiff argues that the amount in controversy does not exceed $75,000.00. Defendant Allstate asserts that the amount in controversy exceeds $75,000.00."[12] In light of this, the Court ordered Plaintiff to file a motion to remand or the Court would decide the issue of jurisdiction based on the record currently before it.[13]

Plaintiff filed his motion to remand on April 7, 2022.[14] Defendant filed a response in opposition to Plaintiff's motion to remand on April 13, 2022.[15] Additionally, Defendant also filed an unopposed motion for leave to file its first amended notice of removal on April 6, 2022.[16] The motions are ripe for consideration. The Court first turns to consider Defendant's motion for leave to file amended notice of removal.[17]

## II. Defendant's Motion for Leave to File Amended Notice of Removal

Defendant seeks leave to amend its notice of removal to cure "technical defects" that do "not change its grounds for removal based on diversity jurisdiction."[18] Given that Plaintiff is unopposed to the filing of the amended notice of removal, the Court finds good cause and **GRANTS** Defendant's motion. Accordingly, the amended notice of removal submitted alongside

---

[8] *Id.*
[9] Dkt. No. 1-2.
[10] Dkt. No. 1.
[11] Dkt. No. 6.
[12] *Id.* at 2, ¶ 5.
[13] Dkt. No. 7.
[14] Dkt. No. 9.
[15] Dkt. No. 11.
[16] Dkt. No. 8.
[17] *Id.*
[18] *Id.*

the motion is considered timely filed as of the date of this order. The Clerk of Court is **ORDERED** to file Defendant's notice of removal[19] as a separate docket entry on the Court's docket.

### III. MOTION TO REMAND

#### a. Legal Standard

The Court must police its own subject matter jurisdiction on its own initiative.[20] It is a "well-settled principle that litigants can never consent to federal subject matter jurisdiction, and the lack of subject matter jurisdiction is a defense that cannot be waived."[21] District courts have limited jurisdiction and the authority to remove an action from state to federal court is solely conferred by the Constitution or by statute.[22] "Removal [to federal court] is proper only if that court would have had original jurisdiction over the claim."[23] While the Court has jurisdiction to determine its jurisdiction,[24] it cannot exercise any "judicial action" other than dismissal when the Court lacks jurisdiction.[25] It is also a "long-standing canon of statutory interpretation that removal statutes are to be construed strictly against removal and for remand"[26] so "any doubt as to the propriety of removal should be resolved in favor of remand."[27]

If the removing party claims federal diversity jurisdiction under 28 U.S.C. § 1332, the removing party must demonstrate complete diversity: that each defendant is a citizen of a different

---

[19] Dkt. No. 8-1.
[20] *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).
[21] *Gonzalez v. Guilbot*, 255 F. App'x 770, 771 (5th Cir. 2007) (citing *Coury v. Prot,* 85 F.3d 244, 248 (5th Cir.1996)); *see* 28 U.S.C. § 1447(c).
[22] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[23] *Heritage Bank v. Redcom Labs., Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *accord Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010)
[24] *United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[I]t is familiar law that a federal court always has jurisdiction to determine its own jurisdiction.").
[25] *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998).
[26] *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (quotation omitted).
[27] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quotation omitted).

state from each plaintiff[28] and the amount in controversy exceeds $75,000.[29] When the amount in controversy is at issue, the Court makes an arithmetical assessment of the claims and values at issue as of the moment of removal; subsequent events which purport to change the amount in controversy do not oust the Court's jurisdiction.[30] The party invoking federal diversity jurisdiction "bears the burden of establishing the amount in controversy by a preponderance of the evidence."[31] "The removing defendant can meet its burden if it shows by a preponderance of the evidence that: "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the [removing party] sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount"[32] such as "affidavits and deposition testimony."[33] If the plaintiff claims a specific amount in the complaint, the amount stated "is itself dispositive of jurisdiction if the claim is apparently made in good faith."[34] In other words, "where the district court is making the 'facially apparent' determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed"

---

[28] *Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003); *see McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (quotation omitted) ("[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side.").

[29] *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing 28 U.S.C. § 1332(a)(1)).

[30] *Carter v. Westlex Corp.*, 643 F. App'x 371, 376 (5th Cir. 2016); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal."); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 668 n.2 (5th Cir. 2007); *Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (holding that removal is to be "determined according to the plaintiffs' pleading at the time of the petition for removal.").

[31] *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002); *accord Morton v. State Farm Ins. Co.*, 250 F.R.D. 273, 274 (E.D. La. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999)) ("In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists."); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 888 (5th Cir. 2014) (if the plaintiff did not state a specific amount in the complaint, "the removing defendant has the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold).

[32] *Chavez v. State Farm Lloyds*, 746 F. App'x 337, 341 (5th Cir. 2018) (alteration in original) (quotation omitted); *see Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citations omitted) ("First, a court can determine that removal was proper if it is facially apparent that the claims are likely above $50,000. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount.").

[33] *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000).

[34] *Scarlott*, 771 F.3d at 888 (quotation omitted).

the requisite $75,000.[35] However, a plaintiff's bare allegations do not "invest a federal court with jurisdiction."[36] The Fifth Circuit explained,

> [w]hile a federal court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss in its obligations if it accepted every claim of damages at face value, no matter how trivial the underlying injury. This is especially so when, after jurisdiction has been challenged, a party has failed to specify the factual basis of his claims. Jurisdiction is not conferred by the stroke of a lawyer's pen. When challenged, it must be adequately founded in fact.[37]

Therefore, when a plaintiff challenges a defendant's assertion that the amount in controversy exceeds $75,000, the defendant must set forth evidence of the amount in controversy.[38] If the removing party carries its burden, the party opposing removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold."[39]

Generally, attorneys' fees are not includible in determining the amount in controversy, but the exceptions are when attorneys' fees are provided for by contract and when "a statute mandates or allows the payment of such fees."[40] For example, when ascertaining the amount in controversy under an insurance policy, the amount may include the policy limits, potential attorneys' fees, penalties, statutory damages, and punitive damages, but not interest or costs.[41]

**b. Analysis**

Plaintiff argues that "the court should remand this case to the originating State Court because the amount of controversy is less than $75,000.00. Plaintiff's Original Petition . . . states

---

[35] *Allen*, 63 F.3d at 1336.

[36] *Dow Agrosciences LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003), *abrogated on other grounds*, 544 U.S. 431 (2005).

[37] *Diefenthal v. C. A. B.*, 681 F.2d 1039, 1052 (5th Cir. 1982).

[38] *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (quoting 28 U.S.C. § 1446(c)(2)(B) & H.R. REP. NO. 112-10 at 16 (2011)).

[39] *Chavez*, 746 F. App'x at 341. The amount claimed controls unless it can be demonstrated "to a legal certainty that the claim is really for less than the jurisdictional amount." *Allen*, 63 F.3d at 1335 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)); *accord De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995) (holding that, if the amount claimed is not in good faith, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

[40] *Velez v. Crown Life Ins. Co.*, 599 F.2d 471, 474 (1st Cir. 1979).

[41] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 & nn.6–7 (5th Cir. 1998).

that 'Plaintiff seeks and will accept only monetary relief the maximum of which is not more than $74,999.00.'"[42] Plaintiff further argues that "[a] statutory demand has been made in this case in the amount of $27,320.00" and "[e]ven with the addition of penalties and prejudgment interest for another year, the total amount of damages are within the jurisdiction of the originating court and well below $75,000.00."[43] Additionally, Plaintiff asserts that he has "offered to file a binding stipulation, limiting and [sic] all recovery to under $75,000.00 if the case is remanded to state court, but the offer has been declined by counsel for Defendant."[44]

Defendant argues that Plaintiff's pre-suit demand of $27,320.00 "does not consider his request for extra-contractual damages, such as treble damages under Texas Insurance Code § 541, mental anguish damages, interest, or attorney's fees accrued on the claim since the date of the demand."[45]

Here, because Defendant has set forth evidence of the amount in controversy and it supports diversity jurisdiction, Plaintiff must show, to a legal certainty, that recovery will not exceed the jurisdictional threshold. As previously mentioned, Plaintiff first argues his original petition contains a stipulation stating "Plaintiff seeks and will accept only monetary relief the maximum of which is not more than $74,999.00."[46] However, Texas procedure allows litigants to amend their pleadings at any time without leave of court.[47] Thus, if this case were to be remanded to state court, Plaintiff would have the option of amending his petition to remove the above quoted language. Therefore, the quoted language is not a binding stipulation and does not establish the legal certainty required to defeat federal jurisdiction.

---

[42] Dkt. No. 9.
[43] *Id.* at 2.
[44] *Id.*
[45] Dkt. No. 11 at 4.
[46] Dkt. No. 1-1 at 14.
[47] Tex. R. Civ. P. 63.

Next Plaintiff argues that the pre-suit demand of $27,320.00, even with the addition of penalties and prejudgment interest, does not exceed $75,000.00.[48] However, as Defendant points out, this fails to consider damages pled in Plaintiff's original petition.[49] Merely considering Plaintiff's request for treble damages places the amount demanded pre-suit well over the threshold $75,000.00.

Lastly, Plaintiff argues that he has offered to file a binding stipulation limiting recovery to under $75,000.00.[50] However, it is well-established that "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction."[51]

For the foregoing reasons, the motion to remand is hereby **DENIED**.[52]

### IV. JOINT DISCOVERY/CASE MANAGEMENT PLAN

The Court now turns to consider the parties' joint discovery/case management plan. In light of the parties' agreement on the discovery plan, the Court enters this scheduling order in lieu of holding an initial pretrial conference.[53] The initial pretrial and scheduling conference previously scheduled for May 10, 2022, is hereby **CANCELLED**.[54] This case specific scheduling order controls disposition of this action pending further order of the Court. Accordingly, the following actions shall be completed by the dates indicated:

| PRETRIAL EVENTS | DEADLINES |
|---|---|
| Deadline for Plaintiff to designate expert witnesses and provide expert reports in accordance with Federal Rule of Civil Procedure 26(a)(2). | September 8, 2022 |
| Deadline for Defendant to designate expert witnesses and provide expert reports in | October 24, 2022 |

---

[48] Dkt. No. 9 at 2.
[49] Dkt. No. 11 at 4.
[50] Dkt. No. 9 at 2.
[51] *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938).
[52] Dkt. No. 9.
[53] Dkt. No. 6.
[54] Dkt. No. 3.

| accordance with Federal Rule of Civil Procedure 26(a)(2). | |
|---|---|
| Discovery deadline. | January 6, 2023 |
| Deadline to file all pretrial motions, including any dispositive motions, except motions in limine which shall be filed with the joint pretrial order. | January 27, 2023 |
| Deadline to file joint pretrial order, motions in limine, and proposed jury instructions (or proposed findings of fact & conclusions of law).[55] | March 28, 2023 |
| Final pretrial conference and trial scheduling. | April 18, 2023 at 9 a.m. |

This scheduling order supersedes any earlier scheduling order, is binding on all parties, and shall not be modified except by leave of Court upon showing of good cause.[56] All other deadlines not specifically set out in this scheduling order will be governed by the Federal Rules of Civil Procedure and this Court's Local Rules.

### V. CONCLUSION AND HOLDING

In conclusion, for the foregoing reasons, the Court **GRANTS** Defendant's motion for leave to file amended notice of removal.[57] Additionally, the Court **DENIES** Plaintiff's motion to remand.[58]

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of May 2022.

_____
Micaela Alvarez
United States District Judge

---

[55] The Joint Pretrial Order must be in accordance with Appendix B of the Local Rules for the Southern District of Texas and must include the disclosures required by Federal Rule of Civil Procedure 26(a)(3).
[56] *See* FED. R. CIV. P. 16(b)(4); 6A ARTHUR R. MILLER, MARY KAY KANE & A. BENJAMIN SPENCER, FEDERAL PRACTICE AND PROCEDURE § 1522.2 (3d ed. 1998 & Supp. Oct. 2020).
[57] Dkt. No. 8.
[58] Dkt. No. 9.