United States District Court
Southern District of Texas
**ENTERED**
June 14, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| RICARDO LOPEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:22-cv-00023 |
| | § | |
| ALLSTATE INDEMNITY COMPANY, | § | |
| | § | |
| Defendant. | § | |

## ORDER AND OPINION

The Court now considers "Defendant Allstate Indemnity Company's Motion for Partial Dismissal Under Rules 9(b) and 12(c)."[1] Plaintiff has not filed a response and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[2] After considering the motion and relevant authorities, the Court **GRANTS** Defendant's motion.[3]

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance dispute arising out of alleged damage to Plaintiff's property sustained during a storm occurring on or about July 25, 2020.[4] Plaintiff filed this action in state court after which Defendant removed to this Court on diversity jurisdiction. Defendant has now filed a motion for partial dismissal.[5] Plaintiff has not filed a response and the time to do so has passed.[6]

---

[1] Dkt. No. 10.
[2] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[3] Dkt. No. 10.
[4] Dkt. No. 1-1.
[5] Dkt. No. 10.
[6] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").

## II. Discussion

### a. Legal Standard

Federal Rule of Civil Procedure 12(c) allows a party to move for judgment on the pleadings only "[a]fter the pleadings are closed." Defendant filed an answer,[7] so its motion for judgment on the pleadings is ripe.[8] A Rule 12(c) motion is analyzed under the Rule 12(b)(6) standard.[9] "[T]he inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits."[10]

The Court uses federal pleading standards to determine the sufficiency of a complaint.[11] "A motion to dismiss an action for failure to state a claim admits the facts alleged in the complaint, but challenges plaintiff's right to relief based upon those facts."[12] Under Federal Rule of Civil Procedure 12(b)(6), to avoid dismissal, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[13] The Court reads the complaint as a whole[14] and accepts all well-pleaded facts as true (even if doubtful or suspect)[15] and views those facts in the light most favorable to the plaintiff (because a Rule 12(b)(6) motion is viewed with disfavor[16]), but will not strain to find inferences favorable to the plaintiff,[17] but also

---

[7] *See* Dkt. No. 2.
[8] *See Young v. City of Houston*, 599 F. App'x 553, 554 (5th Cir. 2015)
[9] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).
[10] *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 209 (5th Cir. 2009).
[11] *See Genella v. Renaissance Media*, 115 F. App'x 650, 652–53 (5th Cir. 2004) (holding that pleadings must conform to federal pleading requirements).
[12] *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (quotation omitted).
[13] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
[14] *See Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n*, 658 F.3d 500, 506 (5th Cir. 2011) ("While the allegations in this complaint that the Golf Association's anticompetitive acts 'substantially affected interstate commerce' are not sufficient on their own, the complaint here read as a whole goes beyond the allegations rejected in *Twombly* and *Iqbal*.").
[15] *Twombly*, 550 U.S. at 555–56.
[16] *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (quoting *Turner v. Pleasant,* 663 F.3d 770, 775 (5th Cir. 2011) ("This court construes facts in the light most favorable to the nonmoving party, 'as a motion to dismiss under 12(b)(6) "is viewed with disfavor and is rarely granted."'")).
[17] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).

will not indulge competing reasonable inferences that favor the Defendant.[18] A plaintiff need not plead evidence[19] or even detailed factual allegations, especially when certain information is peculiarly within the defendant's possession,[20] but must plead more than "'naked assertion[s] devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to survive a motion to dismiss.[21]

In evaluating a motion to dismiss, Courts first disregard any conclusory allegations or legal conclusions[22] as not entitled to the assumption of truth,[23] and then undertake the "context-specific" task, drawing on judicial experience and common sense, of determining whether the remaining well-pled allegations give rise to entitlement to relief.[24] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[25] Courts have "jettisoned the [earlier] minimum notice pleading requirement"[26] and the complaint must plead facts that "nudge" the claims "across the line from conceivable to plausible,"[27] because discovery is not a license to fish for a colorable claim.[28] The complaint must plead every material point necessary to sustain recovery; dismissal is

---

[18] *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 267 (5th Cir. 2009).
[19] *Copeland v. State Farm Ins. Co.*, 657 F. App'x 237, 240–41 (5th Cir. 2016).
[20] *See Innova Hosp. San Antonio, LP v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (holding that pleading "on information and belief" is acceptable when the inference of culpability is plausible).
[21] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see also id.* at 679 (holding that a complaint that "do[es] not permit the court to infer more than the mere possibility of misconduct" does not suffice to state a claim).
[22] *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quotation omitted) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").
[23] *Mustapha v. HSBC Bank USA, NA*, No. 4:11-CV-0428, 2011 WL 5509464, at *2 (S.D. Tex. Nov. 10, 2011) (Hanks, J.) ("[A] court is not required to accept conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged.").
[24] *Iqbal*, 556 U.S. at 678–79; *see also Fernandez-Montez v. Allied Pilots Ass'n,* 987 F.2d 278, 284 (5th Cir. 1993) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").
[25] *Iqbal*, 556 U.S. at 678.
[26] *St. Germain v. Howard*, 556 F.3d 261, 263 n.2 (5th Cir. 2009).
[27] *Iqbal*, 556 U.S. at 680 (quoting *Twombly*, 550 U.S. at 570).
[28] *Barnes v. Tumlinson*, 597 F. App'x 798, 799 (5th Cir. 2015); *see Iqbal*, 556 U.S. at 678–79 ("Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

proper if the complaint lacks a requisite allegation.[29] However, the standard is only "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success."[30]

In addition, Federal Rule of Civil Procedure 9(b) requires that Plaintiff, "[i]n alleging fraud or mistake, . . . must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b) extends to all claims or allegations in which the gravamen is fraud, even if the associated theory of liability is not technically termed fraud.[31] For example, certain Texas Deceptive Trade Practices-Consumer Protection Act[32] claims may have to meet the Rule 9(b) standard.[33] "The Fifth Circuit has interpreted Federal Rule of Civil Procedure 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent. In short, plaintiffs must plead enough facts to illustrate the who, what, when, where, why and how of the alleged fraud."[34] This strict requirement is "a gatekeeper to discovery, a tool to weed out meritless fraud claims sooner than later. [Courts] apply Rule 9(b) to fraud complaints with bite and without apology."[35]

To plead a claim for fraud by misrepresentation or omission, "Rule 9(b) typically requires the claimant to plead the type of facts omitted, the place in which the omissions should have

---

[29] *Rios v. City of Del Rio*, 444 F.3d 417, 421 (5th Cir. 2006); *accord Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995).
[30] *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010))
[31] *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (Gilmore, J.) (collecting cases).
[32] TEX. BUS. & COM. CODE ANN. § 17.41 (West 2020).
[33] *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017) (Alvarez, J.) (collecting cases); *Hernandez v. Ciba-Geigy Corp. USA*, 200 F.R.D. 285, 291 (S.D. Tex. 2001) (Tagle, J.) (collecting cases).
[34] *Schott, Tr. for Estate of InforMD, LLC v. Massengale*, No. CV 18-759-JWD-RLB, 2019 WL 4738795, at *13 (M.D. La. Sept. 27, 2019) (internal quotation marks omitted) (quoting *Flaherty & Crumrine Preferred Income Fund, Inc. v. TXU Corp.*, 565 F.3d 200, 207 (5th Cir. 2009) & *Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)).
[35] *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 (5th Cir. 2009) (internal quotation marks omitted).

appeared, and the way in which the omitted facts made the representations misleading."[36] The "particularity" required by Rule 9(b) also disallows collectivized or group allegations; Plaintiff must delineate which Defendant is responsible for which allegedly fraudulent activity.[37] The allegations must "enlighten *each defendant* as to his or her particular part in the alleged fraud."[38] Courts will "treat a dismissal for failure to plead fraud with particularity under Rule 9(b) as a dismissal for failure to state a claim upon which relief can be granted."[39]

### b. Analysis

Defendant moves to dismiss Plaintiff's claims under Texas Insurance Code §§ 541 and 542, claim for common-law bad faith, and common-law fraud claim.[40] Defendant does not seek to dismiss Plaintiff's claim for breach of contract.[41]

Defendant first seeks to dismiss Plaintiff's claims under Texas Insurance Code § § 541 and 542, arguing that "Plaintiff's Original Petition does not allege sufficient facts to support his § § 541 and 542 claims as per Rule 9(b) or Rule 12(b)(6)'s pleading requirements."[42] The Court agrees. Plaintiff's complaint merely recites the elements of the claims without providing any underlying facts to support them.[43] Beyond the address of the Property and the date of the storm that caused the alleged damage,[44] Plaintiff's assertions are devoid of any further factual enhancement.

---

[36] *Id.* (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1174 (5th Cir. 2006)).
[37] *Verde Minerals, LLC v. Burlington Res. Oil & Gas Co., LP*, No. CV 2:16-463, 2017 WL 9535076, at *10 (S.D. Tex. June 30, 2017) (Ramos, J.) (citing *Southland Sec. Corp. v. INSpire Ins. Sols.*, 365 F.3d 353, 365 (5th Cir. 2004)).
[38] *Southland Sec. Corp.*, 365 F.3d at 365 (emphasis in original) (quotation omitted).
[39] *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).
[40] Dkt. No. 10 at 1.
[41] *Id.*
[42] *Id.* at 5.
[43] Dkt. No. 1-1 at 7–12, ¶¶ 5–35.
[44] *Id.* at 7, ¶¶ 6–8.

Plaintiff alleges various violations of Texas Insurance Code § 541(a).[45] Section 541(a)(1) provides that it is unlawful to misrepresent "to a claimant a material fact or policy provision relating to coverage at issue."[46] In asserting this claim, Plaintiff alleges that Defendant "misrepresent[ed] to Plaintiff material facts,"[47] and only slightly more specifically, that Defendant "misrepresented to Plaintiff that there was no damage to areas of the house that were damaged and that all damage covered under the Policy has been accounted for, even though it has not been paid in full."[48] Plaintiff fails to even specify whether the alleged damages were the result of the storm. Even under the relatively lenient 12(b)(6) pleading standard, Plaintiff's threadbare recitations fail to state a claim upon which relief can be granted.

Plaintiff further fails to state claims under Sections 541(a)(2), (3), and (7).[49] Under Section 541(a)(2), it is unlawful for an insurer to "fail[] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear."[50] Again, Plaintiff merely recites the details of the claim without providing any further facts.[51] This continues with each alleged violation of 541(a).[52] Plaintiff provides nothing beyond conclusory recitations of the elements of his claims.

Plaintiff similarly fails to state a claim under Sections 542.056 and 542.058. He merely alleges that Defendant delayed payment and did not accept or deny his claim "within the statutorily

---

[45] *Id.* at 10-11, ¶¶ 25–30.
[46] TEX. INS. CODE § 541.060(a)(1); *id.* § 542.003(b)(1) ("Any of the following acts by an insurer constitutes unfair claim settlement practices: knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverage at issue."); *see id.* § 541.151 (authorizing a private action for damages); 28 TEX. ADMIN. CODE § 21.203 (2020).
[47] Dkt. No. 1-1 at 10, ¶ 26.
[48] *Id.* at 8, ¶ 13.
[49] *See id.* at 8–11, ¶¶ 13–16; 25–27.
[50] TEX. INS. CODE § 541.060(a)(2)(A).
[51] *See* Dkt. No. 1-1 at 11, ¶ 27 ("Defendant Allstate's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Allstate's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.")
[52] *See id.* at 8–11, ¶¶ 13–16; 25–27.

mandated time."[53] Plaintiff fails to specify relevant dates or even the statutory time period, so the Court is unable to determine whether the alleged delay in fact constitutes a violation of the statute. Thus, the Court finds that Plaintiff's conclusory allegations of violations of the Texas Insurance Code fail to state a claim upon which relief may be granted.

This is also true of Plaintiff's claims for common-law bad faith and common-law fraud. Again, Plaintiff merely recites the elements of each claim with no factual details. In alleging violations of the duty of good faith and fair dealing, Plaintiff asserts that:

> [s]ince the date Plaintiff presented her [sic] claim to Defendant Allstate, the liability of Defendant Allstate to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Allstate has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant Allstate's conduct constitutes a breach of the common law duty of good faith and fair dealing.[54]

Again, Plaintiff merely restates the elements of the claim and fails to state any factual basis for his threadbare and conclusory assertions.

Furthermore, Plaintiff's fraud allegations also fail to meet the Rule 9(b) standard, which requires Plaintiff to specify in his complaint the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent.[55] Rather than providing specific details of each alleged incident of fraud, Plaintiff generally alleges that:

> Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiff would not have acted as they did, and which Defendant Allstate knew were false or made recklessly without any knowledge of their truth as a positive assertion.[56]

---

[53] Dkt. No. 1-1 at 9–1, ¶¶ 17–18; 30.
[54] *Id.* at 9, ¶ 19.
[55] *See Schott, supra* note 34.
[56] *Id.* at 12, ¶ 34.

Nowhere in Plaintiff's petition does he describe any specific statements. Though he vaguely refers to "representations" allegedly made by Defendant Allstate, he provides no further detail. Thus, the Court finds that Plaintiff's allegations of fraud fail to meet the 9(b) standard and fail to state a claim upon which relief can be granted.

For these reasons, the Court finds that Plaintiff's allegations of violations under Texas Insurance Code §§ 541 and 542, common-law bad faith, and common-law fraud fail to state a claim upon which relief can be granted. The Court further notes that Plaintiff has not filed a response to Defendant's motion or filed an amended complaint. As Plaintiff has failed to either defend or cure his defective petition, the Court finds dismissal with prejudice of the above-listed claims under 12(c) warranted in this case.

### III. Conclusion and Holding

For the foregoing reasons, the Court **GRANTS** Defendant's motion and **DISMISSES** Plaintiff's claims for violations of the Texas Insurance Code, violations of the common law duty of good faith and fair dealing, and fraud with prejudice. Plaintiff's claim for breach of contract remains.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 14th day of June 2022.

_____
Micaela Alvarez
United States District Judge